AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

United States of America
v.

KENNETH MILLER (-01)
JASON MORGAN (-02)

*Defendant(s)*

Case No.  1:18-mj-0274

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  see Counts 1-12 on attached sheet  in the county of  Howard  in the Southern District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Counts 1-12: 18 U.S.C. §§ 641 and 2 | Embezzlement and Theft of Public Money, Property, or Records |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph D. Cossairt, Special Agent, VAOIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  03/22/2018

*Judge's signature*

City and state:  Indianapolis, IN

Hon. Debra McVicker Lynch, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph D. Cossairt, after being first duly sworn, depose and say the following:

## INTRODUCTION

1. **Introduction.** I make this Affidavit in support of an Application for a Criminal Complaint for **KENNETH MILLER** and **JASON MORGAN** for violations of 18 U.S.C. §§ 641 (embezzlement, theft, and conversion of public money or property) and 2 (aiding and abetting).

2. **Your Affiant.** I am a Special Agent for the U.S. Department of Veterans Affairs, Office of Inspector General (VAOIG), and I have been so employed for over 14 years. I am currently assigned to investigate matters which affect the programs and operations of the Department of Veterans Affairs; these include criminal violations such as the theft of VA benefits. Prior to my employment with the VAOIG, I was employed as a Special Agent with the United States Secret Service for approximately two years and as a Police Officer for the city of Los Angeles, CA for approximately four years.

3. **Sources of Information.** The facts in this affidavit are based on my personal observations and the personal observations of others whom I have spoken with, my training and experience, my review of documents and records, as well as information obtained from the other sources specifically discussed herein, including KENNETH MILLER and JASON MORGAN. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE CHARGES

4. **KENNETH MILLER** is a male, date of birth 06/18/1962, Social Security Number xxx-xx-5437, who currently resides at 1305 E. Vaile Ave, Kokomo, IN 46901.

5. **JASON MORGAN** is a male, date of birth 07/19/1975, Social Security Number xxx-xx-6065, who currently resides at 4124 E. 200th St., Kokomo, IN 46902.

6. Based on my training and experience, and on the facts described herein, there is probable cause to believe that KENNETH MILLER and JASON MORGAN committed the following federal offenses within the Southern District of Indiana:

### Counts 1–12
### (Embezzlement and Theft of Public Money, Property or Records)
### 18 U.S.C. §§ 641 and 2

7. On or about the dates listed below, in Kokomo, Indiana, in the Southern District of Indiana, and elsewhere, KENNETH MILLER and JASON MORGAN, willfully and knowingly did steal, purloin, and covert to their own use money belonging to the United States Department of Veterans Affairs, to which they were not entitled, to wit:

| Count | Approximate Date of Offense | U.S. Treasury Check Number | Check Date | Amount |
|---|---|---|---|---|
| 1 | 04/02/13 | 4031 08805240 | 04/01/13 | $1,215.00 |
| 2 | 05/03/13 | 4031 09023659 | 05/01/13 | $1,215.00 |
| 3 | 06/03/13 | 4031 09212885 | 05/31/13 | $1,215.00 |
| 4 | 07/02/13 | 4031 09404597 | 07/01/13 | $1,215.00 |
| 5 | 08/02/13 | 4031 09585921 | 08/01/13 | $1,215.00 |
| 6 | 09/06/13 | 4031 09759676 | 08/30/13 | $1,215.00 |
| 7 | 10/07/13 | 4031 09947084 | 10/01/13 | $1,215.00 |
| 8 | 11/06/13 | 4031 10105338 | 11/01/13 | $1,215.00 |

| Count | Approximate Date of Offense | U.S. Treasury Check Number | Check Date | Amount |
|---|---|---|---|---|
| 9 | 12/02/13 | 4031 10279063 | 11/29/13 | $1,215.00 |
| 10 | 01/02/14 | 4031 10446308 | 12/31/13 | $1,233.23 |
| 11 | 02/03/14 | 4031 10612680 | 01/31/14 | $1,233.32 |
| 12 | 03/03/14 | 4031 10776273 | 02/28/14 | $1,233.23 |

8. **Elements of the Offense.** To sustain convictions for the offenses of Theft of Government Benefits, in violation of 18 U.S.C. § 641, as charged in Counts 1–12, the government would need to prove each of the following elements beyond a reasonable doubt:

> FIRST: The money described in Counts 1-12 belonged to the United States;
>
> SECOND: The aggregate value of the money described in Counts 1-12 exceeded $1,000;
>
> THIRD: The Defendant knowingly stole that money to his own use; and
>
> FOURTH: The Defendant did so knowingly with the intent to deprive the owner of the use or benefit of that money.

## PROBABLE CAUSE

9. **VA Dependency and Indemnity Compensation (DIC)** benefits are monetary payments made to surviving, non-remarried spouses of veterans who died in the line of duty or because of service-connected injuries, illnesses, or disabilities. DIC benefits are also paid to spouses of veterans who were totally disabled from service-connected conditions at the time of their death, even though their death was not caused by the service-connected disability, if certain criteria are met. Children of veterans are only eligible for DIC benefits if they are under age 18, or under age 23 if attending a VA-approved school. Particularly important here, DIC benefits are not transferable upon death of the named beneficiary.

10. **Priscilla Hodges** received DIC benefits upon the death of her spouse, Clarence Hodges, a veteran of the United States Navy. VA electronic claim file records showed that each month, Priscilla Hodges received a check from the U.S. Treasury for the DIC benefits at her home at 1305 E. Vaile Ave., Kokomo, Indiana 46901.

11. **Priscilla Hodges' Death.** On November 5, 2008, Priscilla Hodges died. According to her Indiana Death Certificate, her son, KENNETH MILLER, informed the State of Indiana of her death on that date.

12. **VA DIC Benefits Continued.** VA records, however, contained no record of Hodges' death having been reported until years later, during the course of this investigation. VA and U.S. Treasury records showed that after Hodges' death, DIC benefits in the form of monthly U.S. Treasury VA benefit checks, payable to "P. F. Hodges," continued to be mailed to her address of record, 1305 E. Vaile Ave, Kokomo, IN 46901. A total of 72 such checks were issued after Hodges' death, from December 1, 2008 until December 31, 2014. Hodges' benefits were terminated in February 2015 as a result of this investigation.

13. **Check Images Showed Who Deposited the Checks.** U.S. Treasury records showed that, of the 72 DIC benefits checks issued after Hodges' death, 45 had been negotiated at banks for a total of $53,287.69. (The remainder were not deposited and were no longer valid.) VAOIG obtained and reviewed the images of the 45 checks that had been deposited or cashed:

   a. Six checks dated from December 1, 2008 to May 1, 2009 totaling $6,861.00, bore the endorsement, "PF Hodges (or Priscilla Hodges), Deceased, Kenneth Miller." Markings and routing numbers stamped on the back included the letters "SFSB," later determined to be Security Federal Savings Bank.

   b. Ten checks dated from February 1, 2010 to March 1, 2011 totaling $11,540.00 bore the endorsement, "Priscilla F. Hodges," followed by a name later

identified as "Charles Callahan." Markings and routing numbers stamped on the back of these checks indicated they were negotiated at Key Bank.

    c.    Twenty-nine checks dated from August 1, 2011 to February 28, 2014 totaling $34,886.69, bore the endorsement, "Priscilla F. Hodges, Jason Morgan." Routing numbers stamped on the back of these checks indicated they were negotiated at Financial Builders Federal Credit Union.

14.    **Security Federal Savings Bank** ("SFSB") confirmed that KENNETH MILLER held an account at the bank, which he opened in January 2009. SFSB Fraud Director Melanie Mills confirmed that the six U.S. Treasury checks endorsed by KENNETH MILLER, dated from December 1, 2008 to May 1, 2009, were in fact negotiated at Security Federal Savings Bank.

15.    **Charles Callahan.**

    a.    Key Bank reported that the ten checks dated from February 1, 2010 to March 1, 2011 were deposited into an account held by "DBA Callahan Drywall and Construction," located at 1928 West Defenbaugh Street, Kokomo, IN 46902. A public database query on the company name and address revealed that Charles Callahan owned the company and lived at the listed address.

    b.    When interviewed by VAOIG agents, Charles Callahan stated that he did deposit Hodges' U.S. Treasury benefit checks into his checking account. He further stated that KENNETH MILLER, an acquaintance of Callahan's, had approached him about performing construction work at 1305 E. Vaile Ave., Kokomo, Indiana 46901, MILLER's mother house. Callahan stated that MILLER told him that Hodges was in the hospital (MILLER knew, however, she was deceased at this point), and Callahan would have to accept her VA benefit checks as payment for his work. Callahan accepted the job, received Hodges' benefit checks from MILLER as payment, and deposited the checks into his own

5

account. Callahan stated he did not know MILLER's mother was deceased. Callahan stated Hodges' name was already signed on the back of the checks when he received them.

16. **JASON MORGAN.**

    a.    Financial Builders Federal Credit Union confirmed the 29 U.S. Treasury checks deposited during August 1, 2011 to February 28, 2014 and endorsed with the name "Jason Morgan" were indeed deposited into an account in the name of JASON MORGAN. Financial Builders Federal Credit Union Member Service Representative Kim Johnson reported that all the benefit checks were deposited into the account through an Automated Teller Machine (ATM).

    b.    When interviewed by VAOIG agents, JASON MORGAN admitted that he negotiated the U.S. Treasury VA benefit checks issued to Priscilla Hodges at the request of KENNETH MILLER. MORGAN wrote and signed a statement during the interview as well.

    c.    MORGAN stated that MILLER approached him about cashing the checks because he (MILLER) needed the money. MORGAN stated that he knew MILLER's mother Priscilla Hodges was deceased, and that he knew that he was not entitled to the proceeds of Hodges' U.S. Treasury VA benefit checks. MILLER told MORGAN that he would not get in trouble.

    d.    MORGAN agreed to cash the checks. Each month, MILLER gave him a check to deposit. MORGAN noted the checks were already signed as "Priscilla Hodges" when he received them. He believed they had been signed by MILLER's girlfriend. MORGAN deposited the checks into his Financial Builders Federal Credit Union account using ATMs, and once the funds were available, he withdrew the money and gave it to MILLER. (Those deposits that occurred within the statute of limitations are reflected in

Counts 1 through 12 of this Criminal Complaint.) MILLER then paid MORGAN a portion of the funds from each check, and kept the remainder. MORGAN said the amount MILLER paid him from each check was different every time, but the most MORGAN received for cashing any individual check was $600.00.

 e. MORGAN stated that he was very sorry for making a bad choice. He also stated that he had been "abusing drugs and wasn't in the right state of mind."

17. **KENNETH MILLER.**

 a. When interviewed by VAOIG agents, KENNETH MILLER admitted to cashing VA benefit checks issued to his mother, Priscilla Hodges, after her death. He admitted that he knew he was not entitled to the proceeds of his deceased mother's U.S. Treasury VA benefit checks. He, too, wrote and signed a statement during the interview.

 b. MILLER stated that his mother died in November 2008 and, at the time of her death, had been receiving VA benefits in the form of U.S. Treasury checks. MILLER stated that after her death, checks continued to arrive at the house. He stated that, at first, he sent checks back to the VA but they kept coming. So he started to deposit them at his bank, Security Federal Savings Bank. He continued to deposit his late mother's checks for several months, until the Security Federal Savings Bank informed him that he could no longer cash the checks because his mother was deceased.

 c. MILLER stated that he then used the checks to pay his friend, Charles Callahan, for work that Callahan did to help repair MILLER's residence, which was his late mother's house. MILLER said he asked Callahan to cash the checks, keep $250 for payment for the construction work, and give the rest to MILLER. MILLER claimed that Callahan knew MILLER's mother was deceased. MILLER stated that Callahan cashed 9 or 10 checks and then stopped because he (Callahan) said he had to pay taxes on them.

      d.     MILLER stated that he then asked his friend, JASON MORGAN, to cash Hodges' DIC benefit checks. MILLER confirmed that MORGAN knew MILLER's mother Hodges was deceased. MORGAN agreed to negotiate the checks, and in return, MILLER said he paid MORGAN about half the value of each check after the funds were available.

      e.     MILLER said he did it because he needed the money at the time and he is willing to repay the VA for the stolen funds.

18.    **Loss.** At the time of Priscilla Hodges' death in 2008, her monthly benefit checks were in the amount of $1,091.00. Between then and December 2014, when the last check was deposited, statutory cost-of-living adjustments had increased the amount several times: to $1,154.00 on January 1, 2009; to $1,195.00 on January 1, 2012; to $1,215.00 on January 1, 2013, and to $1,233.23 on January 1, 2014.

      a.     In total, KENNETH MILLER stole, purloined, and knowingly converted VA DIC benefits worth $53,287.69.

      b.     Of that amount, JASON MORGAN participated in stealing, purloining, and knowingly converting VA DIC benefits worth $34,886.69.

## CONCLUSION

19. Based on the facts set forth in this affidavit, there is probable cause to believe that KENNETH MILLER and JASON MORGAN committed violations of 18 U.S.C. §§ 641 (embezzlement, theft, and conversion of public money or property) and 2 (aiding and abetting), as described herein.

20. Therefore, I respectfully request that the Court issue the Criminal Complaint charging KENNETH MILLER and JASON MORGAN accordingly, and issue Warrants for their arrests.

FURTHER, YOUR AFFIANT SAYETH NOT.

Joseph D. Cossairt, Special Agent
U.S. Department of Veterans Affairs
Office of Inspector General
Criminal Investigations Division, Chicago, Illinois

Subscribed and sworn to before me this 22nd day of March, 2018.

HON. DEBRA MCVICKER LYNCH
United States Magistrate Judge
Southern District of Indiana